Filed 1/15/15  P. v. Bracken CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ROSS EDWARD BRACKEN,<br><br>　　　Defendant and Appellant. | A141739<br><br>(Sonoma County<br>Super. Ct. No. SCR645842) |

## I.

## INTRODUCTION

Appellant Ross Edward Bracken appeals from a one-year sentence imposed for his misdemeanor conviction in criminal case No. SCR599192 consecutive to a three-year aggravated prison sentence imposed for his conviction in case No. SCR645842.  He contends that under Penal Code sections 1170 and 1170.1, he could be sentenced to no more than four months consecutive for the misdemeanor conviction in case No. SCR599192.  The Attorney General concedes the error.  Accordingly we reduce appellant's sentence for his misdemeanor conviction from one year to four months, and order that the abstract of judgment be modified to reflect this reduction.

## II.

## PROCEDURAL AND FACTUAL BACKGROUNDS

A criminal complaint, case No. SCR645842, was filed by the Sonoma County District Attorney charging appellant with one felony count of driving a vehicle while having a blood-alcohol content of greater than 0.20 percent, in violation of Vehicle Code

1

section 23152, subdivision (a), and one count of driving while intoxicated in violation of Vehicle Code section 23152, subdivision (b). The complaint also alleged that appellant had suffered three prior convictions for driving while intoxicated, within the meaning of Vehicle Code section 23550.

One of these prior driving under the influence (DUI) convictions was a misdemeanor conviction in March 2011 in case No. SCR599192, for which appellant had received probation. He was on probation at the time he committed the offenses alleged in the criminal complaint, and a probation violation was pending as a result of the charges in case No. SCR645842.

Pursuant to a negotiated plea, on March 11, 2014, appellant entered a plea of no contest in case No. SCR645842 to one count of driving a vehicle while having a blood-alcohol content of greater than 0.20 percent, in violation of Vehicle Code section 23152, subdivision (a). The alternative count was dismissed by the prosecution in the interest of justice. The plea was "open," and appellant acknowledged that he could receive a state prison sentence up to three years for the current offense. The trial court referred the matter to the probation department for a presentence report, and sentencing was set for April 17, 2014. At the same time, and in light of the plea, the trial court found appellant to be in violation of his probation in case SCR599192.

At sentencing on April 17, the court sentenced appellant to the aggravated term of three years for the felony conviction in case No. SCR645842.[1] In addition, the court imposed a consecutive prison term of one year for the misdemeanor conviction in case No. SCR599192.

Notice of this appeal was then filed on April 30, 2014.

### III.

### DISCUSSION

The single issue raised by appellant in this appeal is his contention that the trial court erred in sentencing him to a full, one-year consecutive sentence for the

---

[1] Appellant was sentenced under Penal Code section 1170, subdivision (h).

2

misdemeanor conviction in case No. SCR599192. As a result, he asks this court to vacate his sentence for that conviction and either impose a consecutive sentence of four months (one-third the midterm), or remand the case to the trial court for resentencing.

The Attorney General concedes that the trial court erred in imposing a full one-year consecutive term for the misdemeanor conviction in case No. SCR599192.

We agree. Although appellant was sentenced under the "2011 Realignment Legislation addressing public safety" (Stats. 2011, ch. 15, § 1) (the Act) sentencing regime codified in Penal Code section 1170, subdivision (h), that Act did not change the length of terms under the traditional sentencing triad (mitigated term, midterm, or aggravated term), and appellant's subordinate misdemeanor term for the conviction in case No. SCR599192 can be no more than one-third the maximum term (12 months) for that crime, or four months rather than one year. (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671-672.) Accordingly, we choose not to vacate the sentence and remand the case to the trial court for resentencing, but instead, to exercise our authority under Penal Code section 1260 and order that the abstract of judgment be modified to reduce the consecutive one-year term imposed in case No. SCR599192 to a consecutive term of four months. (*People v. Kynette* (1940) 15 Cal.2d 731, overruled on another point in *People v. Snyder* (1958) 50 Cal.2d 190, 197.) In all other respects the judgment is affirmed.

## IV.

## DISPOSITION

The abstract of judgment in case No. SCR599192 is hereby ordered modified to reduce the consecutive one-year term imposed in case No. SCR645942 to a consecutive term of four months. In all other respects the judgment is affirmed.

3

_____
RUVOLO, P. J.

We concur:

_____
RIVERA, J.

_____
BOLANOS, J.*

* Judge of the San Francisco City and County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4